# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY W. JACKSON, IV, | ) |
| Plaintiff, | ) Case No. 2:24-cv-00805-JHE |
| v. | ) |
| U.S. INTERNAL REVENUE SERVICE, | ) |
| Defendant. | ) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENT
### TO RULE 26(f) REPORT

"It is well-established that discovery is rare in FOIA cases." *See, e.g.*, *Cole v. Rochford*, 285 F. Supp. 3d 73, 76 (D.D.C. 2018) (citations omitted). For this reason, the Local Rules of this Court provide that scheduling orders are generally not entered in FOIA suits. (ECF 12); L.R. 16.1(a)(7). However, Plaintiff insists on demanding discovery in this case. As such, the Court has requested supplemental briefing as to Plaintiff's request for discovery. (ECF 12, 15.) The Internal Revenue Service ("***the Service***") responds to Plaintiff's supplement as follows:

### ARGUMENT

Plaintiff gravely misunderstands the FOIA. The Service's search for responsive documents is currently ongoing and no exemptions to disclosure have been asserted, yet Plaintiff inexplicably seeks a discovery schedule. Even after supplementing the Rule 26(f) Report, the topics on which Plaintiff wishes to conduct discovery remain a mystery. While he explains the motivation behind his FOIA request, Plaintiff's supplement fails to describe any facts he believes will be revealed by discovery that would prevent the Service from obtaining summary judgment. This Court should refrain from entering a discovery schedule.

1

I. **The Court should refrain from entering a discovery schedule because discovery is inappropriate in this FOIA suit.**

As an initial matter, "discovery is an extraordinary procedure in a FOIA action." *Thomas v. FDA*, 587 F. Supp. 2d 114, 115 n.1 (D.D.C. 2008); *see also Citizens for Resp. & Ethics in Washington v. Nat'l Indian Gaming Com'n*, 467 F. Supp. 2d 40, 56 (finding "no extraordinary basis to allow discovery in FOIA suit"). Indeed, courts have held that in FOIA cases, "discovery is the exception, not the rule" and should "be sparingly granted[.]" *Landmark Legal Found. v. EPA*, 959 F. Supp. 2d 175, 183 (D.D.C. 2013) (citations and internal quotations omitted); *Pub. Citizen Health Research Group v. FDA*, 997 F. Supp. 56, 72 (D.D.C. 1998). This Court typically does not enter discovery schedules in FOIA suits. *See* **Exhibit A**. The Service is not aware of any FOIA suit in this district wherein discovery was conducted.

This is because "FOIA suits should be decided on summary judgment[.]" *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008); *see, e.g.*, *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). To prevail on summary judgment, the government agency must show that it conducted an adequate search and properly asserted any exemptions from disclosure. 5 U.S.C. § 552(a)(4)(B). Agencies typically meet this burden through submission of detailed declarations or affidavits describing the agency's search for responsive records and the basis for any withholdings made pursuant to FOIA exemptions. *See, e.g.*, *Siegelman v. U.S. Dep't of Justice*, No. 2:16-cv-00083-MHH, 2017 WL 10575170, at *3 (N.D. Ala. Mar. 31, 2017) (citing *Miccosukee*, 516 F.3d at 1258); *Miscavige*, 2 F.3d at 368; *Tamayo v. U.S. Dep't of Justice*, 544 F. Supp. 2d 1341, 1343 (S.D. Fla. 2008). A court typically evaluates these affidavits to determine whether limited discovery may be appropriate. *Rochford*, 285 F. Supp. 3d at 77. As such, "courts generally do not allow discovery in FOIA actions until after the government has moved for summary judgment." *Id*. (citations omitted); *see, e.g.*, *Scott v. Treasury Inspector Gen. for Tax*

2

*Admin.*, 787 F. App'x 642, 643 (11th Cir. 2019) (internal citation omitted). Discovery is usually not allowed at all if the Court is satisfied that the agency's affidavits/declarations are "sufficiently detailed, non-conclusory, and submitted in good faith." *Price v. U.S. Dep't of Justice*, 17-CIV-24341, 2018 WL 3730224, at *1 (S.D. Fla. May 21, 2018). "But even if an agency's affidavits regarding its search are deficient, courts often still do not grant discovery but instead direct the agency to supplement its affidavits." *Id*. at *2.

### A. Discovery would be premature at best at this early stage of the litigation.

Thus, discovery is particularly inappropriate here due to the procedural posture of this case. The case has just begun: the Service has not yet completed its search for responsive documents, asserted any exemptions from disclosure, or submitted affidavits describing its search. Without this, the Court cannot determine whether discovery would be appropriate in this suit. *See Rochford*, 285 F. Supp. 3d at 77-78 ("because the government has not yet moved for summary judgment—and therefore has not submitted any declarations setting forth details related to its search for documents responsive to [plaintiff's] request—the court does not have sufficient information to determine whether a genuine factual dispute exists or whether [plaintiff] requires additional facts essential to oppose the government's motion.").

In *Miscavige*, the Eleventh Circuit held that a FOIA plaintiff's "early attempt in litigation of this kind to … take discovery … is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions." 2 F.3d at 368. Similarly here, without the Service's representations about the scope of its search or the basis for any asserted exemptions, Plaintiff's demand for discovery is premature. *See Murphy v. FBI*, 490 F. Supp. 1134, 1136 (D.D.C. 1980) ("Whether the instant case warrants discovery is a question of fact that can only be determined after the defendants file

their dispositive motion and accompanying affidavits."). Before that point, Plaintiff cannot justify a need for discovery in this case. *See id.* Thus, the Court should refrain from considering entry of a discovery schedule in this suit until after the Service has completed its search, asserted any exemptions from disclosure, and moved for summary judgment. *See id.*; *Rochford*, 285 F. Supp. 3d at 77; *Taylor v. Babbitt*, 673 F. Supp. 2d 20, 23 (D.D.C. 2009) ("in the exceptional case in which a court permits discovery in a FOIA action, such discovery should only occur after the government has moved for summary judgment").

### B. Plaintiff failed to show exceptional circumstances sufficient to warrant discovery in this FOIA case.

In the FOIA context, courts have permitted discovery "only in exceptional circumstances where a plaintiff raises a sufficient question as to the agency's good faith in searching for or processing documents." *Rochford*, 285 F. Supp. at 76. Alternatively, discovery may be appropriate if agency affidavits do not provide information specific enough to enable a challenge the procedures used. *Id*. (internal citations and quotations omitted); *but see Price* 2018 WL 3730224, at *1 (explaining that courts typically order an agency to supplement a deficient affidavit rather than grant discovery). In the limited circumstances where discovery is allowed in FOIA suits, courts ordinarily confine it to the scope of the agency's search or indexing and classification procedures. *See, e.g.*, *Heily v. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003) (when discovery is permitted, it is generally "limited to the scope of agency's search and its indexing and classification procedures.").

None of the above situations apply here, so it is unclear why discovery would be needed. This case has just begun, so there are no affidavits to be evaluated. And Plaintiff has not raised any questions about the adequacy of the Service's search—which would be difficult, considering the search is not yet complete and the government has made no representations about its scope.

4

*See Murphy*, 490 F.Supp. at 1137 ("the government has yet to file affidavits. The plaintiff therefore cannot possess the prescience to predict whether a factual issue will emerge."). In his supplement, Plaintiff does assert that the Service's "delays" in processing the FOIA request and "resistance" to certain discovery in the Tax Court proceeding "cast doubt on whether the IRS is acting in good faith in denying the production of the materials requested in the FOIA request." (ECF 13 at 5.) But the question of an agency's good or bad faith relates to its "searching for or processing documents", not its actions in a separate proceeding. *See Rochford*, 285 F. Supp. 3d at 76. And courts "routinely find that delays in responding to a FOIA request are not, in and of themselves, indicative of agency bad faith." *Kurkow v. U.S. Dep't of Homeland Sec.*, 892 F. Supp. 2d 319, 326 (D.D.C. 2012). Further, to justify discovery on those grounds, FOIA requestors must "make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations," or provide some other "tangible evidence." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 813 (2d Cir. 1994). Plaintiff has not done so here.

Regardless, Plaintiff does not even seek discovery on any of the potentially permissible topics. (*See generally* ECF 13.) Instead, Plaintiff asserts that discovery in this suit "is critical to McKinley's defense of the assertion of the civil fraud penalty" in a proceeding before the U.S. Tax Court. (*Id*. at 4.) Specifically, Plaintiff argues that discovery is appropriate in this FOIA suit due to "the resistance of the IRS to produce additional information outside of the administrative file in the Tax Court proceedings, and the importance of and relevance of information related to McKinley's examination due to the assertion of the civil fraud penalty." (*Id*. at 3.) Notably, Plaintiff does not point to any facts he believes discovery would reveal that would create a material issue of genuine fact as to the adequacy of the Service's search.

5

But Plaintiff's focus on the FOIA request's relation to a Tax Court proceeding is misguided. Courts have specifically rejected discovery in FOIA suits when a plaintiff attempts to use discovery "as a fishing expedition [for] investigating matters related to separate lawsuits." *Tannehill v. Dep't of Air Force*, No. 87-1335, 1987 WL 25657, at *2 (D.D.C. Nov. 12, 1987). Indeed, Plaintiff admits that he seeks discovery in this case solely for the purpose of investigating a vaguely described discovery dispute in a Tax Court proceeding. (ECF 13 at 3) (arguing that discovery "will allow McKinley [party to a Tax Court proceeding] to determine what, if any, efforts have been undertaken to obtain materials that are not only central to defending against the civil fraud penalty but also are not *[sic]* be contained in the IRS administrative file.")

It would certainly not be appropriate to allow Plaintiff to propound discovery regarding matters entirely unrelated to the disclosure of records at issue here. *See Tannehill*, WL 25657 at *2 (FOIA discovery proper only as to "those requests concerning the narrow subject of the instant lawsuit"). And if Plaintiff meant that he wishes to conduct discovery as to the contents of the "administrative file", such a request would obviously be inappropriate in a FOIA suit. *See, e.g.*, *Driggers v. United States*, 2011 WL 2883283, *2 (N.D. Tex. 2011) (noting that to the extent plaintiff seeks contents of documents, and opinions and conclusions regarding that information, the request "far exceeds the limited scope of discovery usually allowed in a FOIA case" and would essentially provide the relief sought through the suit).

**C. Plaintiff has not met his burden to state with particularity facts that discovery would reveal sufficient to create a genuine issue of material fact as to the adequacy of the Service's search or proper assertion of exemptions from disclosure.**

Plaintiff admits that in seeking discovery in this FOIA suit, the "burden is on Plaintiff to state with particularity the facts he believes discovery will reveal." (ECF 13 at 3) (citing *Sharkey*

6

*v. FDA*, 250 F. App'x 284, 291 (11th Cir. 2007)). Importantly, it is not sufficient for Plaintiff to state *any* facts discovery could reveal—his burden is to state with particularity facts to be revealed *that are sufficient to create a genuine issue of material fact*[.]" *Sharkey*, 250 F. App'x at 291 (emphasis added). Plaintiff has not met this burden—and cannot, at least until after the government completes its search and moves for summary judgment. *See, e.g.*, *Rochford*; 285 F. Supp. 3d at 77-78; *Murphy*, 490 F. Supp. 1134, 1136.

Plaintiff has not pointed to any facts he believes discovery would reveal that would create a genuine issue of material fact as to whether adequacy of the government conducted an adequate search and properly asserted any exemptions from disclosure. Plaintiff cannot point to any such facts because the Service has not yet completed its search or asserted any exemptions from disclosure. As such, discovery is not appropriate in this suit.

## CONCLUSION

Plaintiff's request for discovery in this FOIA suit is misguided. At this early stage in the case, there are no topics that could possibly be appropriate for discovery. If appropriate topics do exist, Plaintiff has failed to state them. The Court should refrain from entering a discovery schedule.

*[signature page follows]*

| | |
|---|---|
| Dated: November 13, 2024 | Respectfully submitted,<br><br>**DAVID A. HUBBERT**<br>Deputy Assistant Attorney General<br><br>/s/ *Robert J. Atras*<br>ROBERT J. ATRAS<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, D.C. 20044<br>Tel: 202-307-3738<br>Fax: 202-514-6866<br>Robert.J.Atras@usdoj.gov<br>*Counsel for the Internal Revenue Service*<br><br>OF COUNSEL:<br><br>**PRIM F. ESCALONA**<br>United States Attorney<br>RICHARD E. O'NEAL<br>Assistant United States Attorney |

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Robert J. Atras
Robert J. Atras
Trial Attorney
United States Department of Justice, Tax Division